BRAGG & COMPANY v. A. GOLDSTEIN and Another.[1]

December 24, 1914.

Nos. 18,929—(146).

**Deceit — conflicting testimony — verdict conclusive.**
1. Action for deceit. Plaintiff's representative, having testified that the alleged misrepresentations were made and relied upon, and the defendants having testified to the contrary, and the dispute having been properly submitted to and determined by the jury, their verdict cannot be disturbed.

**Evidence.**
2. The improper admission in evidence of a letter from a third party to plaintiff was not reversible error for the reason that, in substance, the letter was a mere repetition of uncontradicted evidence received without objection.

**Charge to jury.**
3. The complaint that the charge implied that defendants, by trick or artifice, had prevented plaintiff from discovering the condition of the property is not well founded.

Action in the district court for Hennepin county to recover $1,105 for deceit in the sale of a carload of berries. The case was tried before Molyneaux, J., and a jury which returned a verdict for $1,070.95 in favor of plaintiff. From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Stiles & Devaney,* for appellants.
*Arthur T. Conley* and *C. H. Rossman,* for respondent.

[1] Reported in 150 N. W. 223.

TAYLOR, C.

Plaintiff purchased a carload of strawberries from defendant for shipment to Winnipeg, and brought this suit to recover damages for alleged fraudulent misrepresentations as to the kind, quality and condition of the berries. The trial resulted in a verdict for plaintiff. Defendants, Goldstein and Yaeger, made the usual alternative motion for judgment notwithstanding the verdict, or for a new trial; the motion was denied and they appealed.

They contend: (1) That the verdict is not sustained by the evidence; (2) that the court erred in admitting plaintiff's exhibit "G" in evidence; (3) that the court erred in its charge to the jury.

1. The evidence on the part of plaintiff was sufficient, if believed, to establish the misrepresentations charged, and that the berries were purchased without examination in reliance thereon. The evidence on the part of defendants was sufficient, if believed, to establish that no representations were made, and that plaintiff relied upon its own examination of the berries in making the purchase. The case turned upon whether the testimony of plaintiff's secretary or the testimony of defendants should be believed. The jury resolved the doubt in favor of plaintiff, and, as the question was wholly within their province, we cannot interfere with their conclusion.

2. Plaintiff had an order from Winnipeg for a car of first-class berries, and sent this car to Winnipeg to fill the order. The customer rejected them as unmarketable. The correspondence between plaintiff and its customer, except the last letter from the customer, was received in evidence without objection. This last letter, which characterized in an uncomplimentary manner both the berries and plaintiff's conduct in shipping them to fill the order, and is known as Exhibit "G," was admitted in evidence against defendants' objection. While it should have been excluded, its admission was not reversible error for the reason that, in substance, it was merely a repetition of other uncontradicted evidence received without objection.

3. Defendants do not contend that the charge to the jury stated the law incorrectly, but that it implied the existence of evidence tending to prove that defendants, by trick or artifice, had prevented plaintiff from making a proper examination of the berries, when in

fact there was no such evidence. We fail to find anything in the record or in the charge from which the jury could infer that there was any such question in the case, and consider the statements to which exception is taken more unfavorable to plaintiff than to defendants.

Order affirmed.